**FILED**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2010 SEP -7 P 3: 35

CLERK. US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE. FLORIDA

RONALD HESTER,

          Plaintiff,

vs.                                                    Case No. 3:10-CV-814-J-99mmH-JPL

VALVE CORPORATION,
a Foreign Corporation,

          Defendant.

_____/

## NOTICE OF REMOVAL

Defendant Valve Corporation, by counsel, removes this action from the Court in
and for the Fourth Judicial Circuit for Duval County, Florida to the United States District
Court for the Middle District of Florida, Jacksonville Division.  In support, Defendant
Valve Corporation states:

**A.     Introduction**

1.     This is an action that is removable pursuant to 28 U.S.C. §§ 1332(a) and
1441(a).

2.     There is diversity between the parties.

3.     The jurisdictional minimum amount in controversy is satisfied.

4.     Plaintiff served the Complaint and Summons on August 18, 2010.

Therefore this notice of removal is filed within the thirty-day period for removal.

**B.**   **Citizenship**

5.      Plaintiff is a citizen of Florida (Plf's Comp. ¶2).

6.      Defendant Valve Corporation is a foreign corporation with its principal

place of business located in Bellevue, Washington. (Plf's Comp. ¶3).

**C.**   **Amount in Controversy**

7.      Plaintiff's complaint states only that his action satisfies the minimum

amount in controversy necessary to obtain jurisdiction of the state court.

8.      When a complaint does not expressly allege an amount of damages needed

to satisfy 28 U.S.C § 1332(a), a removing defendant must show by a preponderance that

the amount in controversy exceeds the jurisdictional minimum. *Allen v. Toyota Motor*

*Sales, USA, Inc., 155 Fed. Appx. 480, 2005 WL 3096631 (*11th Cir. Nov. 21, 2005*). See*

*also Roe v. Michelin,* 2010 WL 3033802, slip op. at 5 (quoting *Tapscott v. MS Dealer*

*Service Corp.,* 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by*

*Cohen v. Office Depot, Inc.,* 204 F.3d 1069 (11th Cir.2000)).   In this case, when added

together, the specific categories of damages Plaintiff seeks and the nature of those

damages satisfy Defendant's burden.

**(a)**   **Relevant Allegations:**

9.      Plaintiff brings this action pursuant to section 540.08, *Florida Statutes,*

pertaining to the unauthorized publication of name or likeness.  Section 540.08(2)

provides that a person whose likeness is published, printed, displayed or otherwise

publically used for purposes of trade, may bring an action to enjoin such unauthorized

use. The statute authorizes "damages for **any loss or injury** sustained by reason thereof,

including an amount which would have been a **reasonable royalty** and **punitive or exemplary damages**." *Fla. Stat.* § 540.08(2) (emphasis added).

10.    Plaintiff alleges that his likeness has been misappropriated for use in a video game created, developed, and distributed by Defendant Valve Corporation.

11.    Plaintiff alleges that Defendant Valve Corporation "intended to distribute and sell and did distribute and sell the video game **worldwide**, . . ." (Plf's Comp. ¶5) (emphasis added).

12.    Plaintiff alleges that Valve Corporation has distributed and sold more than 1.8 million copies of the video game in question using his likeness for commercial benefit.  Plaintiff alleges that Defendant Valve Corporation is continuing to do so. (Plf's Comp. ¶13).

13.    In Count I, he alleges violation of section 540.08 and an invasion of his right of privacy.  As a result, he claims that his peace of mind has been disturbed, that he has been humiliated and embarrassed, that he has suffered mental pain and anguish and will continue to suffer **permanently** in the future. (Plf's Comp. ¶15) (emphasis added).

14.    As recompense, Plaintiff demands general damages, special damages, and punitive damages.

15.    Plaintiff specifically demands damages in an amount equal to a reasonable royalty for use of Plaintiff's likeness, pursuant to section 540.08, *Florida Statutes.*

16.    Plaintiff then seeks punitive damages as a result of Defendant Valve Corporation's allegedly "willful, malicious and intentional misconduct . . . and/or gross negligence, conscious indifference and utter disregard of Plaintiff's reputation, character and feelings." (Plf's Comp. ¶17).  Plaintiff seeks punitive damages to "act as a deterrent

to the Defendant and others from the commission of like offenses and wrongs." (Plf's Comp. ¶17).

17.     In Count II, Plaintiff alleges intentional infliction of emotional distress and demands general and special damages and a reasonable royalty.

### (b)    Analysis of Relevant Allegations:

18.     To satisfy the jurisdictional requirements of removing this action, Defendant must show that the amount in controversy exceeds $75,000 exclusive of interest and costs.  The nature of damages claimed by Plaintiff, when viewed in light of the facts alleged in his complaint, satisfies that burden.

19.     First, Plaintiff alleges that Defendant Valve Corporation distributed the videogame worldwide and sold more than 1.8 million copies and is continuing to sell copies of the game.  Plaintiff further alleges that the videogame's virtual character bearing his likeness is a "central character" in the videogame.  (Plf's Comp. ¶11). Section 540.08 provides for a "reasonable royalty."  A reasonable royalty on sales of 1.8 million (and counting) for a likeness applied to "central character" more likely than not would amount to a sum or value exceeding $75,000 based on sales of 1.8 million and counting.  Even if a reasonable royalty were the only measure of damages Plaintiff seeks in this action, the minimum is met.

20.     There are, however, additional damages demanded that the Court must take into account.  Plaintiff alleges mental pain and anguish and alleges that such injury will continue **permanently** in the future.

21.     A removing party may submit additional evidence when removing an action to support the amount in controversy.  *See Pate v. State Farm Mutual Automobile*

*Ins. Co.*, 2010 WL 3372195, slip op. at *1, Case No. 3:10-cv-223 (N.D. Fla. Aug. 25, 2010).

22.     Plaintiff is 51 years of age. *See* http://www.nfl.com/players/ronhester/profile?id=HES692150 (confirming age; last viewed on Sept. 3, 2010); and http://www.pro-football-reference.com/players/H/HestRo20.htm (same; last viewed on Sept. 3, 2010). *See also* http://fletcherfootball.com/coaches/ (confirming Plaintiff played for the NFL's Miami Dolphins; last viewed on Sept. 3, 2010).

23.     A male of 51 years of age has a probable life expectancy of approximately 27 years, according to the Social Security Administration. *See* http://www.ssa.gov/OACT/STATS/table4c6.html (last viewed Sept. 3, 2010).  True copies of all of the foregoing Internet web pages are attached to the Declaration of Edward L. Birk, which is Exhibit "A" hereto.

24.     Because Plaintiff alleges his injuries are permanent, this means he seeks pain and suffering damages for life, or for approximately 27 more years. This, alone, would satisfy the minimum amount in controversy.

25.     Plaintiff also seeks punitive damages in an amount that would deter similar alleged conduct.  Inasmuch as Plaintiff alleges that Valve Corporation is a worldwide developer and distributor of videogames, Plaintiff's demand for punitive damages, also, by itself, would satisfy the minimum.

26.     "Punitive damages must be considered when determining the jurisdictional amount in controversy in diversity cases." *Rae v. Perry*, 2010 WL 3213929 *1, Case No.

09-16053 (11th Cir. Aug. 16, 2010) (citing *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987)).

27.     Defendant Valve Corporation believes that any one of the categories of damages sought by Plaintiff would satisfy the Court's jurisdictional minimum amount in controversy. When combined, however, there can be no reasonable dispute that the jurisdictional amount that Plaintiff has placed in controversy by his allegations satisfies 28 U.S.C. § 1332(a).

28.     Courts should rely upon "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine if a case is removable based on the face of the complaint. *Roe v. Michelin of N. Am.*, --- F.3d ----, 2010 WL 3033802, Case No. 09-15141 (Aug. 5, 2010) (denying motion to remand). "[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id.*

## D.     Removal Procedure

22.     Pursuant to 28 U.S.C. § 1446(e) and Middle District of Florida Local Rule 4.02, attached hereto as Exhibit "B" is a copy of all process and pleading on file with the state court.

23.     Pursuant to 28 U.S.C. § 1446(d) a notice has been provided to the Clerk of Court for Duval County from which this case is being removed and to the Plaintiff. Accordingly, the State Court's jurisdiction is terminated and jurisdiction is conferred with this Court. Attached hereto as Exhibit "C" is a true copy of the notice to state court.

WHEREFORE, Defendant Valve Corporation requests this Court proceed with adjudication of this case as if it were filed originally in this Court.

Respectfully submitted this 7th day of September 2010.

Jeptha F. Barbour, Esquire
Florida Bar No.: 0347000
Edward L. Birk, Esquire
Florida Bar No.: 068462
**MARKS GRAY, P.A.**
Post Office Box 447
Jacksonville, FL 32201
Telephone:     (904) 398-0900
Facsimile:      (904) 399-8440
E-mail: jbarbour@marksgray.com
            ebirk@marksgray.com

Attorneys for Defendant Valve Corporation

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that this 7th day of September 2010, I have presented the

foregoing document to the Clerk of Court for filing through the CM/ECF system, which

will provide a notice of electronic filing and copy of this document to counsel for

Plaintiff, Thomas Gurrola, Esquire, Liberty Law, PLLC, 7855 Argyle Forest Blvd., Suite

909, Jacksonville, FL 32244.

Jeptha F. Barbour, Esquire
Florida Bar No.: 0347000
Edward L. Birk, Esquire
Florida Bar No.: 068462
**MARKS GRAY, P.A.**
Post Office Box 447
Jacksonville, FL 32201
Telephone:     (904) 398-0900
Facsimile:      (904) 399-8440
E-mail: jbarbour@marksgray.com
            ebirk@marksgray.com

Attorneys for Defendant Valve Corporation