UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RONALD HESTER,

        Plaintiff,

vs.                                      Case No. 3:10-cv-814-J-99MMH-JRK

VALVE CORPORATION,
a Foreign Corporation,

        Defendant.
_____/

## STIPULATED MOTION TO ENTER PROTECTIVE ORDER

The Parties, by their respective counsel, move the Court to enter the proposed Stipulated Protective Order that is attached hereto as Exhibit "A." The Parties state that the proposed order is necessary to protect the confidential, proprietary, and highly valuable commercial information that may be produced during this litigation.

WHEREFORE, the parties request the Court enter the Stipulated Protective Order attached hereto.

## MEMORANDUM OF LAW

Pursuant to the Federal Rules of Civil Procedure, the Court may enter a protective order upon motion for good cause shown. Fed. R. Civ. P. 26(c)(1). In doing so, the Court must articulate its reasons for granting a protective order sufficiently to allow appellate review. *See McCarthy v. Barnett Bank of Polk County,* 876 F.2d 89, 91 (11th Cir. 1989); *In re Alexander Grant & Co. Litig.,* 820 F.2d 352, 355 (11th Cir. 1987). Additionally, the Court

must evaluate and balance the interests of the parties and the non-parties concerning dissemination of discovery material. *Id.* at 357.

A protective order is appropriate in this case because:

1. This is a civil action alleging misappropriation of image by a computer software development and licensing company. The nature of this action and the attendant commercial interests at stake indicate that discovery will contain confidential documentation.

2. A protective order is needed to expedite the flow of discovery material, preserve the integrity of truly confidential information, promote the prompt resolution of disputes over confidentiality, and facilitate the preservation of material and property worthy of protection. The sensitive nature of such information requires a protective order to adequately protect the legitimate interests of the party producing the information.

3. An "umbrella" protective order as proposed is necessary because a document-by-document review of the relevant discovery materials is not feasible if the case is to proceed in an orderly, timely manner.

4. The proposed Stipulated Protective Order strikes the proper balance between the legitimate needs of the parties, the need for confidentiality, the need for disclosure to non-parties, and the public's right to access their courts.

5. The parties acknowledge that public interest and Court policy both discourage the filing of documents under seal. The proposed Stipulated Protective Order provides that leave of court must be obtained before confidential material may be filed under seal, all pursuant to Middle District of Florida Local Rule 1.09.

WHEREFORE, the Parties ask the Court to enter the Stipulated Protective Order.

2

Dated this 28th day of October 2010.

/s/ Jeptha F. Barbour

Jeptha F. Barbour, Esquire
Florida Bar No.: 0347000
Edward L. Birk, Esquire
Florida Bar No.: 068462
**MARKS GRAY, P.A.**
Post Office Box 447
Jacksonville, FL 32201
Telephone:   (904) 398-0900
Facsimile:   (904) 399-8440
E-mail: jbarbour@marksgray.com
        ebirk@marksgray.com

Karl J. Quackenbush, Esq.
*Admitted Pro Hac Vice*
**RIDDELL WILLIAMS P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, WA  98154-1192
Telephone:  206-389-1583
Facsimile:  206-389-1708
Email:  kquackenbush@riddellwilliams.com

*Attorneys for Defendant Valve Corporation*


/s/ Thomas Gurrola

Thomas L. Gurrola, Esquire
Florida Bar No.: 52692
**LIBERTY LAW, PLLC**
7855 Argyle Forest Blvd., Suite 909
Jacksonville, FL 32244
Telephone:  (904) 329-4138
Facsimile:  (904) 329-4189
Email:  tgurrola@libertylawlegal.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RONALD HESTER,

    Plaintiff,

vs.                                  Case No. 3:10-cv-814-J-99MMH-JRK

VALVE CORPORATION,
a Foreign Corporation,

    Defendant.
_____/

## [PROPOSED] STIPULATED PROTECTIVE ORDER

WHEREAS, discovery in the above-captioned related proceedings (the "Action") may involve the disclosure of certain documents, things, and information in the possession, custody, or control of Plaintiff Ronald Hester or Defendant Valve Corporation and or other persons, that constitute or contain sensitive proprietary information, such as trade secrets or other confidential research, development, or commercial information within the meaning of Rule 26(c)(1) of the Federal Rules of Civil Procedure;

WHEREAS, such secret, confidential, or proprietary information must be protected in order to preserve the legitimate business interests of the parties or other persons;

WHEREAS, the parties have stipulated to the entry of a protective order pursuant to Fed. R. Civ. P. 26(c), and it appearing to the Court that such an order is necessary, appropriate, and will facilitate discovery; and

WHEREAS, the parties have established good cause for entry of this Order;

**IT IS HEREBY STIPULATED & ORDERED:**


EXHIBIT A

1. This Protective Order shall govern all documents, the information contained therein, and all other information produced or disclosed during this case whether revealed in a document, deposition, other testimony, discovery response or otherwise, by a party in this case (the "Supplying Party") to any other party (the "Receiving Party"), when the same is designated in accordance with the procedures set forth herein. This includes all legal memoranda, motion papers, pleadings, and other written materials that quote or refer to the substance of any Confidential Information

2. Third parties who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Protective Order and thereby become a Supplying Party for purposes of this Protective Order.

3. "Confidential Information" as used herein means any information that is designated pursuant to this Protective Order as "CONFIDENTIAL" by the Supplying Party, whether it is a document, information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory response, or information otherwise revealed. In designating material as "CONFIDENTIAL," the Supplying Party will make such designation only as to that material that it believes in good faith constitutes, reflects, discloses or contains a trade secret or other confidential research, development, or commercial information that may be protected under Florida or federal law. The parties, in designating information "Confidential" because it contains a trade secret, shall designate only information that meets one of the following accepted three definitions of trade secret:

    A. The definition contained in the Restatement (Third) of Unfair Competition, §39 (1995):

> A trade secret is any information that can be used in the operation of a business or other enterprise and that is sufficiently valuable and secret to afford an actual or potential economic advantage over others.

B. The Florida Uniform Trade Secrets Act, Section 688.002, *Florida Statutes*:

> Any "information, including a formula, pattern, compilation, program, device, method, technique, or process that: (a) derives independent economic value, actual or potential, from not being generally known to, and not be readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

C. "Confidential research, development, or commercial information" that includes but is not limited to information in the following categories:

(i) Information provided to the Supplying Party by third parties with the expectation that the Supplying Party would keep such information confidential or pursuant to contracts that expressly require the Supplying Party to maintain the confidentiality of the information or that is otherwise protected from disclosure by statute. 3 Roger M. Milgrim, Milgrim on Trade Secrets § 14.02[4][g][ii][A].

(ii) Software code.

(iii) Confidential client, customer, or vendor lists.

(iv) Information that is not generally available to the public that relates to, reflects or was or is used to help form the Supplying Party's research, business and legal strategies, processes, or techniques.

(v) Information that is not generally available to the public that relates to consumer purchasing habits, pricing information, sales techniques, sales volumes, or marketing,

promotional, business, or research plans that has been compiled by or for the benefit of the Supplying Party.

        (vi)    Information concerning communications with government agencies or regulatory bodies that the relevant governing agency or body deems Confidential by statutes or codified regulation or rule.

4.    A party in this case may designate as "CONFIDENTIAL" any document or information produced by or testimony given by any other person or entity that the party reasonably believes discloses personal medical, employment, educational, or insurance information, or otherwise qualifies as "Confidential Information" pursuant to this Protective Order.

5.    Specific documents and interrogatory responses produced by a Supplying Party shall, if appropriate, be designated "CONFIDENTIAL" by marking the first page of the document and each subsequent page thereof containing Confidential Information and any answer as follows:

**"CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER"** or similar mark.

6.    Any material produced or provided in this case for inspection is to be treated by the Receiving Party as Confidential Information pending the copying and delivery of any copies of the same by the Supplying Party to the Receiving Party.

7.    Nothing in this stipulated order shall be construed as a waiver by any Party of their rights under section 90.506, *Florida Statutes*, known as Privilege with Respect to Trade Secrets, or to any other privilege whether based in state or federal law.

8.    (a)    Precautions will be taken not to improperly disseminate Confidential Information if any documents containing Confidential Information are scanned or copied into a

computer or any other device, copied onto a disk, attached to an email, or otherwise transferred to electronic or computer media. In addition, the electronic/computer media will not be forwarded, copied or otherwise sent to an authorized person unless the electronic/computer media are accompanied with a written statement that the materials contained, attached or enclosed include Confidential Information covered by this Protective Order.

(b) All Confidential Information produced or exchanged in the course of this Action shall be used solely for the purpose of preparing for and conducting this Action, including trial and any appeals therefrom, and shall not be used in any other civil actions or for any other purposes. This prohibition specifically covers any and all uses in connection with any matter other than this Action.

(c) Prompt written notice shall be given to any party who produced Confidential Information hereunder if that party's Confidential Information is sought by any person not a party to this litigation, by subpoena in another action, or by service with any legal process. Any person seeking such Confidential Information shall be apprised of this Protective Order, and the party receiving such request or subpoena shall make objection based on this Protective Order. The party whose Confidential Information is sought shall be given notice of the request or subpoena and an opportunity to participate in any proceedings to compel discovery. Nothing herein shall be construed as requiring anyone covered by this Protective Order to contest a subpoena or other process in legal proceedings, to appeal any order requiring production of Confidential Information covered by this Protective Order, or to subject itself to penalties for noncompliance with any legal process or order.

9. Information disclosed at a deposition taken in connection with this case may be designated as "CONFIDENTIAL" by:

   (a) designating testimony as "CONFIDENTIAL" on the record during the taking of the deposition. (If testimony is designated as "CONFIDENTIAL" on the record pursuant to subparagraph (a) the stenographic employee or court reporter recording or transcribing such testimony will be directed to bind any transcript page(s) containing Confidential Information separately and apart from any transcript page(s) not containing such Confidential Information); or

   (b) notifying all other parties in writing, within thirty (30) calendar days of receipt of the transcript of a deposition, whereupon each party shall attach a copy of such written designation to the face of the transcript and each copy thereof in that party's possession, custody, or control.

  10. Confidential Information shall be disclosed by the Receiving Party only to the following persons:

   (a) counsel of record for the Receiving Party, and the attorneys, paralegals, stenographic, and clerical staff employed by such counsel who are working on this case under the direction of such counsel and to whom it is necessary that the materials be disclosed for purposes of this case;

   (b) in-house counsel employed by the Receiving Party with responsibility for this case, and the paralegals and stenographic and clerical employees of such counsel;

   (c) to a named party in this action or their insurer, provided that the party or insurer complies with the terms and requirements set forth in this Protective Order;

   (d) any outside consultant or expert who is assisting a party in this case, to whom it is necessary to disclose Confidential Information to assist in, or consult with respect to, the preparation of one or more actions in this case, regardless of whether the consultant or expert

is formally retained by the party itself or by the party's outside counsel; **provided** that such consultant or expert has signed the Confidentiality Agreement, the form of which is attached hereto, and **provided** such experts are not employed or under contract in any capacity by a competitor of Defendants or if such experts become employed in any capacity with a competitor of Defendants such experts agree not to disclose in such employment Confidential Information obtained in this litigation;

(e) any consultant or expert who is under contract to or employed by a party in this case for services independent of this litigation and who is assisting a party in this case, to whom it is necessary to disclose Confidential Information for purpose of assisting in, or consulting with respect to, the preparation of one or more actions in this case, regardless of whether the consultant or expert is formally retained by the party itself or by the party's outside counsel.

(f) the Court and any members of its staff to whom it is necessary to disclose Confidential Information for the purpose of assisting the Court in this case and under the procedures set forth in paragraph 14, *infra*;

(g) stenographic employees and court reporters recording or transcribing testimony in this case; and

(h) deposition witnesses, provided that disclosing party complies with Paragraph 25 of this Protective Order.

11. Persons having knowledge of Confidential Information by virtue of their participation in the conduct of this case shall use that Confidential Information only in connection with the prosecution, defense, or appeal of one or more actions in this case, and shall

neither use such Confidential Information for any other purpose nor disclose such Confidential Information to any person who is not listed in Paragraph 9 of this Protective Order.

12. Disclosure of Confidential Information beyond the terms of this Protective Order may be made only if the Supplying Party designating the material as "CONFIDENTIAL" consents in writing to such disclosure, or if the Court, after reasonable written notice to all affected parties, orders such disclosure.

13. Any party served with a subpoena or other notice, in this case or any other action, compelling the production of any Confidential Information produced in this action by another party must immediately give written notice of such subpoena or other notice to the original Supplying Party. Upon receiving such notice, the original Supplying Party shall bear the burden of opposing, if it deems appropriate, the subpoena on grounds of confidentiality.

14. If any party seeks to file Confidential Information (including confidential portions of documents or transcripts) or any document, pleading, or brief that discloses the substance or content of Confidential Information in connection with any motion, other written submission, hearing, or trial in this Action, the filing party shall make such filing under seal after first filing a motion to seal such Confidential Information in accordance with Middle District of Florida Local Rule 1.09; **provided,** however, that the burden of proving that such Confidential Information should be sealed under Middle District of Florida Local Rule 1.09 shall at all times remain on the party which designated the Confidential Information as such. If any Confidential Information or material is used in any court proceeding in connection with this litigation, it shall not lose its status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

15. Counsel shall take all reasonable and necessary steps to assure the security of any Confidential Information and will limit access to Confidential Information to those persons listed in Paragraph 9 of this Protective Order. Further, any party may request that the Court close the court to the public when Confidential Information will be discussed.

16. Any Supplying Party may designate as Confidential Information or withdraw a Confidential Information designation from any material that it has produced ("Redesignated Material"). Such redesignation shall be accomplished by notice to counsel for each party in writing of such redesignation. Upon receipt of any such redesignation, counsel shall (i) not make any further disclosure or communication of such Redesignated Material except as provided for in this Protective Order; (ii) take reasonable steps to notify any persons known to have possession of any Redesignated Material of such redesignation under this Protective Order; and (iii) promptly endeavor to procure all copies of such Redesignated Material from any persons known to have possession of any Redesignated Material who are not entitled to receipt under Paragraph 9. Notwithstanding the foregoing, it is up to the Supplying Party to initiate action, which the Receiving Party will not oppose, to retrieve from the Court or place under seal Redesignated Material that the Receiving Party submitted to the Court prior to the redesignation.

17. Prior to the disclosure of any Confidential Information to any person identified in Paragraph 9 (other than the Court and its staff), such person shall be provided with a copy of this Protective Order, which he or she shall read. Upon reading this Protective Order, such person shall sign a Certification, in the form annexed hereto as Exhibit "A," acknowledging that he or she has read this Protective Order and shall abide by its terms. A file of all executed Certifications shall be maintained by outside counsel for the party obtaining them and shall be made available, upon request, for inspection by the Court in camera. Persons who come in

contact with Confidential Information for clerical or administrative purposes, and who do not retain copies or extracts thereof, are not required to execute Certifications.

18. Any party may request at any time permission to disclose Confidential Information to a person other than those permitted under Paragraph 9, or to use such information in a manner otherwise precluded by this Protective Order, by serving a written request upon the Supplying Party's counsel. Any such request shall state the material the party wishes to disclose, to whom it wishes to make disclosure and the reason and purpose therefore. The Supplying Party or its counsel shall thereafter respond to the request in writing (by hand delivery or facsimile transmission) within ten (10) business days of its receipt of such request, and if consent is withheld, it shall state the reasons why consent is being withheld. A failure to respond within such ten-day period shall constitute a denial of the request. If, where the consent is withheld, the Requesting Party and the Supplying Party are subsequently unable to agree on the terms and conditions of disclosure, disclosure may only be made in accordance with the Supplying Party's designation of the material unless and until differing treatment is directed pursuant to an order of the Court.

19. Any party may object to the propriety of the designation (or redesignation) of specific material as "CONFIDENTIAL" by serving a written objection upon the Supplying Party's counsel. The Supplying Party or its counsel shall thereafter, within ten (10) calendar days, respond (by hand delivery or facsimile transmission) to such objection in writing by either: (i) agreeing to remove the designation; or (ii) stating the reasons for such designation. If the Objecting Party and the Supplying Party are subsequently unable to agree upon the terms and conditions of disclosure for the material(s) in issue, the Objecting Party shall be free to move the Court for an order removing or modifying the disputed designation. On such a motion the

Supplying Party shall have the burden of proving that the material is Confidential. The material(s) in issue shall continue to be treated in the manner as designated by the Supplying Party until the Court orders otherwise.

20. Notwithstanding any other provisions hereof, nothing in the foregoing shall restrict any party's counsel from rendering advice to its clients with respect to this case and, in the course thereof, relying upon Confidential Information, provided that in rendering such advice, counsel shall not disclose any other party's Confidential Information other than in a manner provided for in this Protective Order.

21. Nothing in this Protective Order shall be deemed a waiver of any type of privilege applicable to any type of information in this or any other action or proceeding. Nothing in this Protective Order shall be construed to affect the evidentiary admissibility of any Confidential Information or limit the use of any Confidential Information at trial (subject to rulings on admissibility).

22. (a) Inadvertent production of documents subject to work-product immunity, the attorney-client privilege or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the Supplying Party shall promptly notify the Receiving Party in writing when it becomes aware of such inadvertent production. Such inadvertently produced documents and all copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be returned to the Supplying Party or destroyed, upon request, and such returned or destroyed material shall be deleted from any litigation-support or other database. No use shall be made of such documents during deposition or at trial, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy them, unless otherwise permitted by the Court.

(b)  In the event of any accidental or inadvertent disclosure of Confidential Information, other than in a manner authorized by this Protective Order, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts and make every effort to prevent further unauthorized disclosure, including retrieving all copies of the Confidential Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Confidential Information in any form. Compliance with the foregoing shall not prevent the disclosing party from seeking further relief from the Court.

23.  Upon the termination of this case, whether by Court order, judgment, settlement, or otherwise, including the termination of any appeals, at the written request and option of the Supplying Party, all Confidential Information and any and all copies, summaries, notes, compilations (electronic or otherwise), and memoranda related thereto, shall be destroyed or returned within thirty (30) calendar days to the Supplying Party, **provided**, however, that counsel may retain their attorney work product and all court-filed documents even though they may contain Confidential Information, but such retained work product and court-filed documents shall remain subject to the terms of this Protective Order.  Thirty days after termination of this action, any person or entity having custody or control of recordings, notes, memoranda, summaries or other written materials, and all copies thereof, relating to or containing Confidential Information shall deliver to the Supplying Party an affidavit certifying that reasonable efforts have been made to assure that all such Confidential Information and any copies thereof, any and all records, notes, memoranda, summaries, or other written material regarding the Confidential Information (except for attorney work product and court filed documents as stated above) have been destroyed or returned to the Supplying Party in

accordance with the terms of this Protective Order. This Protective Order, and the obligation to keep Confidential Information confidential, shall survive the final termination of this action.

24. If Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall immediately upon learning of such disclosure inform the Supplying Party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to recover the information and to prevent disclosure by each unauthorized person who received such information.

25. Counsel for a party may show documents marked "CONFIDENTIAL" to a deponent during a deposition upon providing five (5) business days' prior notice to the Supplying Party. If, within the five business day notice period, a motion is filed objecting to the proposed disclosure, the designated document or item shall not be disclosed unless and until the Court denies the motion objecting to the proposed disclosure, and shall not be disclosed except as permitted by the Court. Where Confidential Information is shown to a deponent during a deposition, such document(s) or information will remain Confidential and the deposition transcript will be designated as Confidential. Counsel for a party may show documents marked "CONFIDENTIAL" to a deponent without the notice specified above if counsel reasonably believes that the deponent has previously seen the document or is aware of the information contained therein or if the deponent is an employee of the party producing the document. Confidential Information shall not lose its Confidential or restricted status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its Confidentiality and restricted status during such use.

26.     Nothing contained in this Protective Order shall preclude any party from using its own Confidential Information in any manner it sees fit, without prior consent of any party or the Court.

27.     This Protective Order does not address the offering of Confidential Information in evidence at trial or any court hearing, but nothing contained in this Protective Order shall preclude any party from moving the Court at an appropriate time for an order that the evidence be reviewed in camera or under other conditions to prevent unnecessary disclosure.

28.     It is expressly understood by and between the parties that in producing Confidential Information in this litigation, the parties shall be relying upon the terms and conditions of this Protective Order.

29.     Following the entry of any court order affecting Confidential Information, any party may request that the Court's order be stayed to allow that party to take an appropriate writ to the Court of Appeal. Any party opposing the stay request shall have the burden of proving that there is good cause not to grant the stay.

30.     By written agreement of the parties, or upon motion and order of the Court, the terms of this Protective Order may be amended or modified. This Protective Order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment or settlement in this case.

31.     Failure to comply with this Protective Order shall be a basis for monetary sanctions or other appropriate relief.

32.     This Stipulation and Protective Order may be signed in counterparts and photocopies/facsimile signatures are acceptable as originals.

SIGNED this _____ day of October 2010

_____
James R. Klindt
United States Magistrate Judge

Dated: October 20, 2010

Dated: October 28th, 2010

*[signature]*
Thomas L Gurrola, Esq.
LIBERTY LAW, PLLC
7855 Argyle Forest Boulevard, Suite 909
Jacksonville, FL 32244
Telephone: 329-4138
Facsimile: 904 329-4189
e-mail: tgurrola@libertylawlegal.com

*Attorney for Plaintiff*

*[signature]*
*for* Karl J. Quackenbush, Esq.
*Admitted Pro Hac Vice*
RIDDELL WILLIAMS P.S.
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154-1192
Telephone: 206-389-1583
Facsimile: 206-389-1708
Email: kquackenbush@riddellwilliams.com

Jeptha F. Barbour, Esq.
Florida Bar No. 0347000
Edward L. Birk, Esq.
Florida Bar No. 068462
MARKS GRAY, P.A.
Post Office Box 447
Jacksonville, FL 32201
Telephone: (904) 398-0900
Facsimile: (904) 399-8440
Email: jbarbour@marksgray.com
        ebirk@marksgray.com

*Attorneys for Defendant*

EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RONALD HESTER,

        Plaintiff,

vs.                                                                                        Case No.  3:10-cv-814-J-99MMH-JRK

VALVE CORPORATION,
a Foreign Corporation,

        Defendant.
_____/

**ACKNOWLEDGMENT OF OBLIGATION**

    I, _____ state:

    I reside at _____ in the city/county of _____.

    I am presently employeed as (position) _____ by (state name and address of employer) _____.

    I have read the STIPULATED PROTECTIVE ORDER entered in the above action (hereinafter "PROTECTIVE ORDER") and am fully familiar with and agree to comply with and be bound by the provisions of that PROTECTIVE ORDER.  I submit to the jurisdiction of the Middle District of Florida for purposes of this PROTECTIVE ORDER.  I agree that I will not divulge Confidential Information to persons other than those specifically authorized by the PROTECTIVE ORDER, and will not copy, use, or disclose any such information except as provided for by the PROTECTIVE ORDER.

    At the termination of this Action or at any time requested by counsel, I will return to counsel for the party by whom I am employed all documents and other materials, including notes,

computer data, summaries, abstracts, or any other materials containing or reflecting Confidential Information which may have come into my possession, and will return all documents or things I have prepared relating to or reflecting such Confidential Information. An accurate copy of my curriculum vitae and publication list is hereby attached.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on _____        _____
              (date)                                    (signature)


24760/458083

2