UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RONALD HESTER,

     Plaintiff,

vs.                        Case No. 3:10-CV-814-J-99MMH-JRK

VALVE CORPORATION,
a foreign corporation,

     Defendant.
_____/

## ANSWER TO AMENDED COMPLAINT

### Jurisdictional Allegations

Defendant, Valve Corporation ("Valve"), by counsel, answers the Amended Complaint filed herein by Plaintiff and says:

1.     Admitted for jurisdictional purposes only.

2.     Admitted.

3.     Admitted.

4.     Admitted for jurisdictional purposes only.

5.     Valve admits this Court has personal jurisdiction over it pursuant to Florida's Long-Arm Statute, Fla. St. § 48.193. Valve further admits that it marketed "Left 4 Dead 2" ("L4D2") in Florida. Valve otherwise denies the remaining allegations set forth in paragraph 5.

### Factual Allegations

6.     Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Amended Complaint and therefore denies the same.

7.     Admitted.

8.     Admitted.

9.     Valve admits that the "Coach" is a central character in L4D2 who is African-American and a defensive coordinator for the freshman football team at his hometown high

1

school. Valve specifically denies that "Coach's" persona, physical attributes or social background is that of the Plaintiff.

a. Valve admits that "Coach" is a large African-American and that Plaintiff is an African-American. The remaining allegations of this paragraph are denied.

b. Valve admits that "Coach" is from the State of Georgia but lacks knowledge as to whether Plaintiff is "from" the State of Georgia and therefore denies the remaining allegations of this paragraph.

c. Admitted.

d. Admitted.

e. Valve admits that "Coach" ended his football career after sustaining a knee injury in college and admits that Plaintiff ended his football career in professional football after dropping out of Florida State University. Valve lacks knowledge as to why Plaintiff ended his professional football career and therefore denies the remaining allegations of this paragraph.

f. Valve admits that "Coach" earned a degree in Physical Education but lacks knowledge as to whether Plaintiff earned or obtained a degree in Physical Education and therefore denies the remaining allegations of this paragraph.

g. Admitted.

h. Valve admits that "Coach" teaches health at his hometown high school but lacks knowledge as to whether Plaintiff taught or teaches health at any level and therefore denies the remaining allegations of this paragraph.

i. Valve admits that "Coach" works as a defensive coordinator for the freshman football team at his hometown high school and further admits that Plaintiff coaches high school football. The remaining allegations are denied.

j. Valve admits that "Coach" is the defensive coordinator for the freshman

2

4812-9193-7032.01

football team at his hometown high school but lacks knowledge as to Plaintiff's coaching duties therefore denies the remaining allegations of this paragraph.

    k.    Valve admits that "Coach" wears a purple jersey or shirt with gold trim and admits that Fletcher High School's team colors are purple and white.

    l.    Valve admits that "Coach's" purple jersey or shirt bears the initials "FHS." Valve lacks knowledge as to the color of Fletcher High School's coaching shirts and whether they are embodied with "FHS."

10.    Valve admits that "Coach" has a big heart and a healthy appetite but denies that the "Coach" character has a "positive outlook" or that he "aspires to coach in the NFL." Valve lacks knowledge as to the remaining allegations of this paragraph pertaining to Plaintiff and therefore denies the same

11.    Denied.

12.    Deny that Valve has sold rather than licensed copies of L4D2. Deny that Valve has licensed L4D2 for Mac and OS X platforms; rather, admit that Mac OS X is a single platform, for which Valve has licensed L4D2. Otherwise admitted.

13.    Deny that advertising for L4D2 was more aggressive in Europe; rather, admit that advertising for L4D2 in Europe was more aggressive than advertising for the predecessor game Left 4 Dead in Europe. Otherwise admitted.

14.    Denied.

15.    Valve admits that its release of L4D2 sparked a number of internet websites, forums, and blogs. Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 15 of the Amended Complaint and therefore denies the same.

16.    Denied.

17.    Denied.

18.    Valve admits that it has enjoyed profits from the licensing, marketing, and

3

advertising of L4D2. Valve denies that it used Plaintiff's likeness or that it has enjoyed profits through the use of Plaintiff's likeness in L4D2.

19.     Admit that L4D2 is one of the most popular Valve games. Otherwise denied.

20.     Deny that Valve has sold rather than licensed L4D2. Admit that the alleged distribution figures for "sell," which means distributed for retail establishments as opposed to end users, and thus subject to returns and other credits.

21.     Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Amended Complaint and therefore denies the same.

**Damages**

22.     Denied.

**COUNT I –** *Violation of RCWA 63.60.010 et seq.*

Valve reasserts its responses to the preceding paragraphs 1 through 22 as if fully rewritten herein.

23.     Admitted.

24.     Admitted.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

Valve denies that Plaintiff is entitled to any relief prayed for in his WHEREFORE clause or any other relief.

**COUNT II –** *Violation of Fla. St. §540.08*

Valve reasserts its responses to the preceding paragraphs 1 through 22 as if fully rewritten herein.

30.     Valve admits that it has advertised and marketed L4D2 in Florida. Valve

4

otherwise denies the remaining allegations set forth in paragraph 30.

31.    Admitted.

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Denied.

Valve denies that Plaintiff is entitled to any relief prayed for in his WHEREFORE clause or any other relief.

## COUNT III – *Invasion of Privacy / Appropriation of Likeness*

Valve reasserts its responses to the preceding paragraphs 1 through 22 as if fully rewritten herein.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

Valve denies that Plaintiff is entitled to any relief prayed for in his WHEREFORE clause or any other relief.

Any allegation not expressly admitted is hereby denied.

## DEMAND FOR ATTORNEYS' FEES

Plaintiff's claims are not supported by any material facts necessary to establish those claims or by existing law. Accordingly, Valve is entitled to recover its attorneys' fees pursuant to Fla. St. § 57.105, RCW 63.60.060, and Federal Rule of Civil Procedure 11.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1.    Count I of the Amended Complaint fails to state a claim upon which relief can be

5

granted under RCW 63.60.010 et seq.

## Second Affirmative Defense

2.     Count II of the Amended Complaint fails to state a claim upon which relief can be granted under Fla. St. § 540.08.

## Third Affirmative Defense

3.     Count III of the Amended Complaint fails to state a claim upon which relief can be granted for invasion of privacy / appropriation of likeness.

## Fourth Affirmative Defense

4.     The Amended Complaint fails to set forth allegations sufficient to justify an award of punitive or exemplary damages under Fla. St. § 540.08, Florida law, or Washington law.

## Fifth Affirmative Defense

5.     To the extent the Amended Complaint purports to set forth a claim for injunctive relief, the Amended Complaint fails to state a claim upon which injunctive relief can be awarded.


Respectfully submitted this 2nd day of December, 2010.

Jeptha F. Barbour, Esquire
Florida Bar No. 0347000
Edward L. Birk, Esquire
Florida Bar No. 068462
**MARKS GRAY, P.A.**
Post Office Box 447
Jacksonville, FL  32201
Tel:  (904) 398-0900
Fax: (904) 399-8440
Email: jbarbour@marksgray.com
           ebirk@marksgray.com
and

4812-9193-7032.01

Karl J. Quackenbush, appearing *pro hac vice*
RIDDELL WILLIAMS P.S.
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
Tel: (206) 624-3600
Fax: (206) 389-1708
Email: kquackenbush@riddellwilliams.com

Attorneys for Defendant
VALVE CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that on this day, December ___, 2010, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the registered users of the CM/ECF system in this case.

Jeptha F. Barbour, Esquire
Florida Bar No. 0347000
Edward L. Birk, Esquire
Florida Bar No. 068462
MARKS GRAY, P.A.
Post Office Box 447
Jacksonville, FL 32201
Tel: (904) 398-0900
Fax: (904) 399-8440
Email: jbarbour@marksgray.com
        ebirk@marksgray.com
and

Karl J. Quackenbush, appearing *pro hac vice*
RIDDELL WILLIAMS P.S.
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
Tel: (206) 624-3600
Fax: (206) 389-1708
Email: kquackenbush@riddellwilliams.com

Attorneys for Defendant
VALVE CORPORATION

4812-9193-7032.01

## SERVICE LIST

Jeptha F. Barbour, Esq.
jbarbour@marksgray.com

Edward L. Birk, Esq.
ebirk@marksgray.com

Karl J. Quackenbush, Esq.
kquackenbush@riddellwilliams.com

Thomas L. Gurrola, Esq.
tgurrola@libertylawlegal.com

Barry E. Newman, Esq.
bnewman@sdlitigation.com

8